(No. 78-CV-0758— ▮▮▮▮)

*In re* APPLICATION OF EDDIE MAE ATKINS.

*Order filed August 14, 1979.*

EDDIE MAE ATKINS, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (WENDY WEIDBERG, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of incident that occurred on January 15, 1977. Eddie Mae Atkins, wife of the victim,

Floyd Atkins, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. On January 15, 1977, the victim accused the offender, a woman whom he was living with, of running around with other men. A fight ensued in which the victim used physical force against the offender and threatened to kill her. In order to protect herself, the offender shot the victim one time. This incident occurred at 538 W. 60th Place, Chicago, Illinois. The victim was taken to St. Bernard's Hospital where he was pronounced dead on arrival. At trial the offender was found not guilty of murder.

2. That section 3(f) of the Act provides that a person is entited to compensation under the Act if the injury to or the death of the victim was not substantially attributable to the victim's wrongful act or substantial provocation of the assailant.

3. That it appears from the investigatory report and the police report that the victim's death was attributable to the victim's substantial provocation of the assailant.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is, hereby denied.